This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHRISTOPHER DALE GLENN,**

Plaintiff-Appellant,

v.                                          NO. 33,544

**DEPUTY ROGER HATCHER,
and ROOSEVELT COUNTY
SHERIFF'S DEPT.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY
Donna J. Mowrer, District Judge**

Christopher Glenn
Canon City, CO

Pro Se Appellant

Brennan & Sullivan, PA
Christina L. Brennan
James P. Sullivan
Santa Fe, NM

for Appellees.

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Plaintiff seeks to appeal from the dismissal of his complaint. We issued a notice of proposed summary disposition, proposing to dismiss on grounds that notice of appeal was not duly filed with the district court. Plaintiff has filed a memorandum in opposition, which we have duly considered.  Because we remain unpersuaded, we dismiss the appeal.

{2}     As we previously observed in the notice of proposed summary disposition, the timely filing of notice of appeal with the district court is a mandatory precondition to the exercise of jurisdiction.  *See Garcia v. State*, 2010-NMSC-023, ¶ 25, 148 N.M. 414, 237 P.3d 716. Consequently, we do not ordinarily entertain an appeal in the absence of duly filed notice.

{3}     Generally, notice of appeal must be filed with the district court within thirty days after the entry of a final order.  *See* Rule 12-201(A)(2) NMRA; 12-202(A) NMRA.  In this case, the final order of the district court was entered on December 20, 2013. It was therefore incumbent upon Plaintiff to file notice of appeal no later than January 21, 2014. *See* Rule 12-308(A) NMRA (providing that whenever any filing dealing would fall on a legal holiday, the filing deadline extends until the end of the next business day). The district court's records reflect that Plaintiff filed notice of appeal with the district court on March 5, 2014, well after the deadline had passed.

**{4}** We understand Plaintiff to argue that exceptional circumstances exist which should excuse his failure to timely file notice of appeal. Specifically, Plaintiff claims that he "did not receive a copy of the district court's order in a reasonable amount of time." [MIO 1] In support of this assertion we note that Plaintiff has submitted to this Court an envelope, bearing a receipt stamp dated January 30, 2014, upon which Plaintiff wrote a note indicating that he "first received [the district court's] order on 1.30.2014 after it was filed on 12.20.14 [sic]. This was my receipt so I don't violate any appeal dates." [Ct.App. File - purple clip] In his memorandum in opposition Plaintiff further asserts that he received a copy of the order from defense counsel on February 7, 2014. [MIO 2]

**{5}** We remain unpersuaded. The date of receipt is not the operative event; rather, it is the filing of the final order by the district court. *See* Rule 12-201(A)(2). Moreover, after receiving the order Plaintiff inexplicably delayed an additional thirty-five days before filing his notice of appeal with the district court. We are aware of nothing, and Plaintiff advances no argument, to justify this additional delay. In light of Plaintiff's failure to act with reasonable promptness, we reject Plaintiff's invitation to consider the appeal on the merits.

**{6}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, the appeal is dismissed.

{7}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

4